M'GEE & RICHARDSON *vs.* SHEFFIELD.

M'GEE & RICHARD. ON *vs.* SHEFFIELD.

1. A plea to an action of debt, on the judgment of a justice of the peace, in another State, "that the plaintiff and defendant were citizens of this State when the judgment was rendered, by the justice;" (the cause of action being *ex contractu*,) is bad.

2. Sworn copies of the proceedings in a suit had before a justice of the peace, in another State, (proved by the evidence of such justice, taken in compliance with the statutes of this State,) in the absence of proof that such State has provided by law, a certain mode of proof, in relation to such proceedings; are admissible as testimony.

3. This state will not *presume* that justices courts, in a sister State, are courts of record.

4. *Semble*—In a suit, brought to recover the amount of a judgment, rendered by a justice of the peace, in another State; parol proof is admissible to show that the individual purporting to have rendered the judgment, was a justice of the peace.

This action, being debt, was brought by the defendant in error, in the circuit court of Lauderdale, to recover the amount of a judgment rendered against the plaintiffs, in Tennessee, by a justice of the peace. The court below, rendered judgment in favor of the defendant in error; and on that decision the case was brought here.

In the court below, the plaintiff was permitted to show, by the testimony of the justice of the peace, the proceedings had before him; and to prove, by parol, that the person purporting to be the justice, was in fact so.

The defendants below, with other pleas, plead that they, together with the plaintiff, were, at the time such judgment was rendered, citizens of the State of Alabama. The court sustained a demurrer

to this plea, and all these matters were assigned in error.

*Martin*, for plaintiff—*Anderson, contra.*

LIPSCOMB, C. J. — This was an action of debt, brought to recover the amount of a judgment, rendered by a justice of the peace, in the state of Tennessee.

The first error relied on, is, that the court below erred in its opinions, as stated in the bill of exceptions.

Secondly—that the court erred, in permitting parol evidence, that Newton was a justice of the peace, in the State of Tennessee.

Thirdly—the court erred in sustaining the demurrer to the third plea of the defendants below.

There were other assignments, but they were abandoned.

We will take up the third error assigned, first.— The plea, to which the demurrer was sustained, was, in substance, that, both the plaintiff and defendants were citizens of this State, when the cause of action originated; and, were, in fact, citizens of this State, when the suit was brought, and judgment rendered by the justice of the peace, in the State of Tennessee; and, that he did not admit the jurisdiction of the justice of the peace, who rendered the judgment.

The cause of action was *ex contractu*, and, of course, in its nature, transitory; if the defendants were found in the State of Tennessee, it could be no objection to their being sued there, that the contract was made, and the parties resided in another

State. It may have been something of a border stratagem, to seek an opportunity of the defendants' being over the line, for the purpose of sueing them there; but, if so, it was more tranquil and harmless than many other border customs, and afforded no substantial defence to the action. The demurrer was, therefore, properly enough sustained.

The first assignment of error, embraces the admissibility of the testimony of the proceeding, had in the justice's court, in the State of Tennessee.— The testimony of Newton, the justice of the peace, properly taken, pursuant to the statute, was read in evidence. He proved, by sworn copies, all the proceedings, before him, in the case between the parties. The proceedings before the justice of the peace, were not of the dignity of records; and, if it is not competent to prove them, by sworn copies, proof would be wholly impossible. It being, therefore, the only mode, we are advised of, in which such proceedings can be proven, there was no error in admitting it.— If any other mode, more certain, has been provided by the laws of Tennessee, it should have been shewn.

But, we are not authorised to presume, that such courts are made courts of record, by the laws of the State of Tennessee; if they have been so made, then the judgments should be proven, and authenticated, agreeably to the act of congress.

Another objection presented by the bill of exceptions, is, that parol evidence was admitted, that Newton was a justice of the peace. It is not necessary to prove, that a justice of the peace, is legally invested with the authority he exercises. The inquiry, for all the purposes, not connected with a direct trial of

his authority to hold the office, is, not into the regularity and validity of the tenure, by which he holds the office—it is not, whether he is such officer, *de jure;* but, whether he was such, *de facto.* In the aspect in which the objection is presented, by the record, we can perceive nothing against the admissibility of such testimony.

We do not believe, that the question of the legal effect of such a judgment as the one on which this suit has been brought, is presented by the record, for our consideration.

The objection as to the parties to the suit, was waived. Let the judgment be affirmed.